

F I L E D
APR 25 2016
KATHERINE M. KEEFE
McHENRY CTY. CIR. CLK.

IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

SARAH DePUYE,

   Plaintiff,

vs.

MENARD, INC.,

   Defendant.

Case No. 16LA141

## COMPLAINT AT LAW

Plaintiff SARAH DEPUYE ("Plaintiff"), by and through her attorneys, Zukowski, Rogers, Flood & McArdle, for her Complaint against defendant MENARD, INC ("Defendant" or "Menards") states as follows:

### Negligence

1. Defendant MENARD, INC., which also does business under the name "Menards", is a foreign corporation authorized to transact business in Illinois, and has a physical store and does business in McHenry County, Illinois.

2. At all times relevant to this action, Defendant owned, operated, and/or was in control of the premises commonly known as Menards and real estate at what is commonly known as 4850 Route 14, Crystal Lake, IL 60014 ("Subject Premises").

3. At all times relevant to this action, Defendant managed, operated and maintained a retail store, entry area and parking lot at Subject Premises.

4. On or around March 12, 2015, Plaintiff, a resident of McHenry County, Illinois, visited the Subject Premises as a retail customer.

NOTICE
BY ADMINISTRATIVE ORDER 94-9
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM _204_ ON
_07/25_ 20_16_, AT _900_ AM/PM
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR
DEFAULT BEING ENTERED.



1

5. As Plaintiff was entering the store, she was behind a Menards employee pulling a flatbed cart in front of her.

6. The Menards employee abruptly stopped the flatbed cart after entering the store.

7. Upon entering the Subject Premises through sliding glass doors, Plaintiff tripped over the now-stopped flatbed cart.

8. At all relevant times hereto, Defendant owed its patrons, including Plaintiff or anyone else lawfully on the Subject Premises, a duty to operate and maintain the premises in a reasonably safe condition so as not to expose Plaintiff to possible harm or to cause her injury.

9. Notwithstanding said duty, Defendant, by and through its agents and employees, was guilty of one or more of the following negligent acts or omissions:

   a. Stopped movement of the flatbed cart so it became an unsafe impediment blocking Plaintiff's path;

   b. Stopped movement of the flatbed cart in a such an abrupt or quick manner that Plaintiff was not provided with sufficient time to safely avoid making contact with the flatbed cart;

   c. Allowed the flatbed cart to remain stationary in the store entryway so that it blocked Plaintiff's path and movement without prior warning or notice;

   d. Designed, utilized, operated and/or allowed equipment, specifically including flatbed carts, at or around the public entrance area that posed a foreseeable risk of danger;

   e. Failed to safeguard the path and equipment in the public entrance way so as to avoid physical contact of store equipment with members of the public;

   f. Failed to instruct and supervise its personnel to not suddenly stop movement of equipment, including flatbed carts, or do so without adequate warning, when moving or handling such equipment in public entrance areas;

2

    g. Failed to have other store personnel in the public entryway when its employees were moving equipment, including flatbed carts, through this area, so the public would not come in contact with the equipment and would otherwise be in a safe location to avoid infliction of injury;

    h. Failed to provide adequate warning signs or other safety devices in and around its equipment, including flatbed carts, when this equipment was being moved through a public entryway where members of the public could come in contact with the equipment if the employee or the equipment stopped suddenly or without sufficient time for a member of the public to safely avoid contact and injury;

    i. Failed to restrict passage by the Plaintiff and other patrons to minimize the risk of encountering the danger of moving store equipment at and around the entrance;

    j. Failed to maintain the Subject Premises in a reasonably safe condition; and/or

    k. Was otherwise careless or negligent.

10. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of Defendant, by and through its agents and/or employees, Plaintiff came into contact with the Menards flatbed cart and fell, causing her to sustain disabling, disfiguring and permanent injuries to various portions of her body. Said injuries have caused her to become liable for large sums of money securing necessary medical treatment, including surgery and rehabilitative services. As a result of said injuries, Plaintiff has been hindered and prevented from attending to her usual and customary activities, labors and affairs, all to the detriment of her enjoyment and resulting in loss of her normal life.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant MENDARD, INC., for a sum in excess of $50,000, plus costs of this suit and any other relief that this Honorable Court deems just or is available under law.

SARAH DePUYE
By: Zukowski, Rogers, Flood & McArdle

_____
David Loughnane

David Loughnane, Attorney No. 1694677
dloughnane@zrfmlaw.com
Jacob D. Caudill, Attorney No. 6320420
jcaudill@zrfmlaw.com
Attorneys for Plaintiff
Zukowski, Rogers, Flood & McArdle
50 N. Virginia Street  Crystal Lake, IL 60014
(815) 459-2050
Z:\D\DePuye\complaint.docx

**Britta Beckman**

**From:** sop@cscinfo.com
**Sent:** Monday, May 09, 2016 11:40 AM
**To:** Britta Beckman
**Subject:** Notice of Service of Process - Transmittal Number: 15125368

## Corporation Service Company ®

### NOTICE OF SERVICE OF PROCESS

### Transmittal Number: 15125368
(Click the Transmittal Number to view your SOP)

*For more information on instant access to your SOP, click Sign Me Up.*

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Menard, Inc. |
| **Entity I.D. Number:** | 0033810 |
| **Entity Served:** | Menard, Inc. |
| **Title of Action:** | Sarah DePuye vs. Menard, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | McHenry County Circuit Court, Illinois |
| **Case/Reference No:** | 16LA141 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 05/09/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
David Loughnane
815-459-2050

**Primary Contact:**
James Anderson
Menard, Inc.

**Copy of transmittal only provided to:**
Britta Beckman
Jackie Wolowicz
Kaycee Krecklow

1

**NOTES:**
Jennifer Balli (L1) (Springfield) 05/09/2016 11:22 AM EDT Other The quality of this document is as served

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information related to CSC's Litigation and Matter Management services, including MYSOP, online acknowledgement of SOP and to view a complete library of all SOP received on your behalf by CSC.

**CSC is SSAE 16 certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882  |  sop@cscinfo.com

2

*SUMMONS – 30 DAY*
IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS



(Name all parties)

**Sarah DePuye**

**Plaintiff(s)**
vs.

**Menard, Inc.**

Case Number **16LA141**

Amount Claimed $ **in excess of $50,000**

**Defendant(s)**

## SUMMONS

To each Defendant: **Menard, Inc., c/o Registered Agent: Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703**

   **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS **APR 25 2016** 20____

Clerk of the Circuit Court *Katherine M. Keefe*

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name **Dave Loughnane**         Prepared by **Dave Loughnane**

Attorney for **Plaintiff**         Attorney Registration No. **01694677**

Address **50 Virginia Street**

City, State Zip **Crystal Lake, IL 60014**

Telephone **815/459-2050**

CV-SUM9: Revised 02/20/14         Page 1 of 2

**SHERIFF'S FEES**    Service and return    $ _____

                                    Miles _____ $ _____

                                    Total Sheriff's Fees    $ _____

_____

Sheriff of _____ County

## I CERTIFY THAT I SERVED THIS SUMMONS ON DEFENDANTS AS FOLLOWS:

### (a) INDIVIDUAL DEFENDANTS – PERSONAL:

The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.

_____

_____

_____

### (b) INDIVIDUAL DEFENDANTS – ABODE:

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years and upwards, informing that person of the contents of the summons. The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully pre-paid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of Defendant | Mailing Address | Date of Mailing |
|---|---|---|
| | | |
| | | |
| | | |

### (c) CORPORATION DEFENDANTS:

By leaving a copy of the summons and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|
| | | |
| | | |
| | | |

### (d) OTHER SERVICE

_____

_____

_____, Sheriff of _____ County

By: _____, Deputy